

RECEIVED
OCT 18 2021
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Record No. 21-4269

In The
United States Court Of Appeals
For the Fourth Circuit

United States of America,

Plantiff-Appelle,

V.

Quotez Tyvick Pair,

Defendant - Appellant.

On Appeal from The United States District Court
For the Eastern District Of Virginia
At Richmond

_____

Supplemental Brief of Appellant

_____

Comes now the defendant objects and Wish that the courts bring to the attention of the appeals court that his rights Were violated because he was not informed that he could file a supplemental brief so he Wishes the court allow, me, the defendant Pair, to submit this Supplemental brief in respect with the court of Appeals.

RECEIVED
2021 OCT 21 PM 3: 12
U.S. COURT OF APPEALS
FOURTH CIRCUIT

United States of America

v.

Quotez Tyvick Pair

During trial the Government presentation of evidence and the court's jury instructions on knowingly or intentionally constructively amended the indictment. "A constructive amendment to an indictment occurs during the government presentation of evidence and/or its argument, the court instructions to the jury, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F. 3d 706, 710 (4th Cir. 1994). "A constructive amendment is a fatal variance because the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks omitted). A constructive amendment is error per se, and, given the Fifth amendment right to be indicted by a grand jury, "must be corrected on appeal, even when not preserved by objection." Floresca, 38 F. 3d at 714. The defendant Sixth amendment was violated, the defendant also discussed these matters with counsel who still fail to raise issue on appeal and failed to object to this matter during trial. The defendant challenged the indictment was constructively amended during trial. The defendant also objects to the presentence report which I never saw until the morning of sentencing and I received the government's

government's motions for enhancements Aug 6th, 2021 three months after Sentencing, this is also a violation of the defendant's rights. Also in Apprendi v. New Jersey, 530 U.S. 466, concluded that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime, id, at 490, and thus the sixth amendment provides with the right to have a jury find those facts beyond a reasonable doubt, id, at 484. Apprendi's principle applies with equal force to facts increasing the mandatory minimum, for a fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed, id., at 490. Because the legally prescribed range is the penalty affixed to the crime, it follows that a fact increasing either end of the range produces a new penalty and constitutes an ingredient of the offense. It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime, the fact that criminal statues have long specified both the floor and ceiling of sentencing ranges is evidence that both define the legally prescribed penalty. It is also impossible to dispute that the facts increasing the legally prescribed floor aggravate the punishment, heightening the loss of liberty associated with the crime. Defining facts that increase a mandatory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment, see id., at 478-479 and preserves the jury's historic role as an intermediary between the state and criminal defendants, see United States v. Gaudin, 515 U.S. 506, 510-511. In Pair v. United States in the defendant's case CI #3 stated that the most he seen was a 1,000 grams of Fentanyl which increased the mandatory minimum which the government agreed to

Which violated the defendant, me, the Sixth amendment right to have a trial by a jury. The essential Sixth amendment inquiry is whether a fact is an element of the crime. Because the fact of a 1,000 grams of Fentanyl aggravates the legally prescribed range of allowable sentences, it constitutes an element of a seperate aggravated offense that must be found by the jury, regardless of what sentence, the defendant might have received had a different range been applicable. There is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum. Pp 10-15. This ruling does not mean that any fact that influences judicial discretion must be found by a jury. The court has long recognized that broad sentencing discretion, informed by judicial fact finding, does not violate the Sixth amendment. Dillon v. United States, 560 U.S. In my case the jury verdict was five years to forty years imprisonment the defendant was prejudiced because the element of the offense was changed once the government, probation officer used CI #3 statement as relevant and used it as the guidelines for the defendant. And with other statements that increased the statutory maximum which prejudiced the defendant along with the District Court judge who went over the guidelines with no finding of facts to support to support the sentence. The enhancements, CI #3 statements along with others increased the penalty to which Pair was subjected and violated my Sixth amendment rights. Apprendi means that a judge who wishes to impose a higher sentence cannot do so unless a jury finds the requisite statutory factual predicate. In my case how could the jury find those predicates without it being presented to them which violates my Sixth amendment right. Pair, me the defendant contends that Harris v. United States was

Wrongly decided and that it cannot be reconciled with reasoning in Apprendi. Duncan v. Louisiana, 391 U.S. 145, 155 (1968) ("A right to jury trial is granted to criminal defendants in order to prevent oppression by the Government") The district court Judge found CS #2 to be credible in corroboration with CS #3 changed the element of the offense Cf. Hobbs v. State, 44 Tex. 353 (1875) state v. Callahan, 109 La. 946, 33 so. 931 (1903) (finding ex post facto violation where newly enacted law increased the range of punishment, even though defendant was sentenced within range established by the prior law). The essential point is that the aggravating facts produced a higher range, which in turn conclusively indicates that the fact is an element of a distinct and aggravated crime. The district court Judge said the guidelines are only discretionary there he could do what he want and go over the guidelines without a finding of a fact, to do so the district court Judge was clearly prejudice to the defendant which should fall in the limits of a sixth amendment violation. Apprendi refer to offense elements not to sentencing facts. At the very least, the amendment seeks to protect defendant against "the wishes and opinions of the government", as well.

Speedy Trial prejudice

It was clearly prejudice to the defendant and a miscarriage of justice because the government clearly built a case and used the COVID pandemic to continue the defendant trial date to get more information on the defendant which came out during sentencing.

United States V. Loiseau, 429 f. App x 210, 211 (4th cir. 2011)

Due process affords Pair "A right to adequate food, shelter, clothing, and medical care [and to] safety and freedom from bodily restraint Pair due process rights were clearly violated and the defendant was prejudiced, neither involuntary commitment nor "lawful confinement, even for penal purposes," terminated these rights.

Defendant wasn't informed of right to file Supplemental brief(s) when "rendering a sentence, the district court make an individualized assessment based on the facts presented," applying the "relevant § 3553 (a) factors to the specific circumstances" of the case and the defendant, and "must state in open court the particular reasons supporting its chosen sentence." United states v. Carter, 564 f. 3d 325, 328 (4th cir. 2009)
Gall, 352 u.s. at 51;
Gall v. United States 532 u.s. 38, 57, 128 s. ct 586, 169.L.Ed2d 445
United States v. Mendoza-Mendoza

The district court had no reason to depart from the guidelines ask the government did they have a upward variance the government stated no then the district court stated that something had to be done and stated that the guidelines were discretionary and that means he can do what he wants to do, the district court abused his discretion and the guidelines shouldn't have never started at 233 months to 294 months because the fifth amendment grand jury clause and fifth amendment indictment clause was violated because CS #3 statement of a 1,000 grams of fentanyl changed the element of offense and should have been proven to a jury beyond a reasonable doubt, Booker v. United States, which clearly prejudiced the defense along with the other enhancements that had nothing to do with the charges the defense faced. The government failed to prove that the defendant knowllingly, intentionally and unlawfully distributed fentanyl shown at sentencing because they didn't have to show it at trial which should be ruled on differently because of the serious nature of the substance. The defendant should have been sentenced under a lesser offense or case dismissed due to the lack of evidence. The nature of the charge does not apply with 3553(A)(2)(C) due to the nature of the charge and the defendant also challenges the jurisdiction of the crime also. because the state did not hand over this case to the government. Chief Justice Roberts said the majority argues that it is no answer to say that the defendant could have received the same sentence "with or without" a particular factual finding pointing out "that a defendant could not be convicted and sentenced for in my case Pair v. United States,

cocaine and a 1,000 grams of fentanyl, if the jury only finds the facts for 40 grams or more of fentanyl, even if the punishments prescribed for each crime are identical." Ante, at 14. In that hypothetical case, the legislature has chosen to define two crimes, with two different sets of elements. Courts must, of course, respect that legislative judgement, but that tells us nothing about when courts can override the legislature's decision not to create seperate crimes, and instead to treat a particular fact as a trigger for a minimum sentence within the already authorized range. Alleyne v. United States. In my case Pair v. United States, the probation officer and government found that it was appropiate to apply the 1,000 grams of fentantyl which increased the mandatory minimum and statutory maximum, prosecutor misconduct Brady v. Maryland withholding evidence which they clearly schemed along with the district court not to raise raise the statutory maximum, but only increased the mandatory minimum in my case and also used cs #3 to make cs#2 relevant when cs#3 was labeled not credible but was still able to make cs#2 credible who stated cocaine which is an element of an offense along with the 1,000 grams of Fentanyl and the picture that the government stated was the defendant but had no facts of what was in the picture which all of this clearly prejudiced the defendant. The defendant rights were violated because the government shouldn't have been able to present none of these enhancements without taking them to a grand jury first and getting a indictment and trial by jury. The defendant Fifth Amendment grand jury clause was violated also his Fifth amendment indictment clause along with his Sixth amendment trial by a jury and due process of law. And the lab evidence stated that from the one ounce of a mixture only .99

grams came back from 28 grams and from 56 grams it was inconclusive the lab tech stated that she didn't know exactly what it was and the district court did not take that into consideration when it came to sentencing which the evidence is clearly insuffient. Also the defendant clearly has a Boston challenge every jury member was not a jury of his peers which averaged the age of my mother and grandmother and every jury member not one was African-American or from within the area of the defendant. The defendant wishes and prays that the court of Appeals for the Fourth circuit allows the defendant supplemental brief, because the defendant was in transit at the time of the brief process and quaritine. The defendant was not advised of his rights to submit a supplemental brief.

Respectfully Submitted,

Quotez Tyvick Pair

/s/ _Quotez Pair_

Quoterkour #94091-083
FCI-Hazelton
P.O. Box 5000
Bruceton mills, Wv 26525

FOREVER / USA

PITTSBURGH PA 150
14 OCT 2021 PM 2 L

MR. Clerk, U.S. District Court
281 East Broad STREET, Suite 300
Richmond, VA 83219

Legal
Mail