CP

October 20, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4269
(3:20-cr-00003-REP-1)

UNITED STATES OF AMERICA
    Plaintiff-Appellee

V.

QUOTEZ TYVICK PAIR
    Defendant-Appellant

RECEIVED 2021 OCT 25 PM 3:38 U.S. COURT OF APPEALS FOURTH CIRCUIT

MOTION TO File Supplemental brief

    COMES NOW THE DEFENDANT QUOTEZ TYVICK PAIR
FILES A MOTION TO FILE A Supplemental brief. I ASK THAT
THE Courts Consider motion with respects to the Courts.

Respectfully Submitted

QUOTEZ TYVICK PAIR
Quotez Tyvick Pair

United STATES Court OF APPEALS                    October 20, 2021
FOR THE FOURTH CIRCUIT
No. 21-4269
(3:20-cr-00003-REP-1)

_____

United STATES OF AMERICA,
                    Plaintiff-Appellee

        V.

QUOTEZ TYVICK PAIR.
            DEFENDANT-Appellant.


        On Appeal From THE United STATES District Court
        For THE Eastern District OF Virginia
            At Richmond
        _____

        <u>Pro Se Supplemental Brief Of Appellant</u>


Quotez Tyvick Pair # 94691-083
FCI - Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

1. During trial THE Government Presentation of Evidence And THE Courts Jury Instructions ON Knowingly OR Intentionally Constructively Amended THE INDICTMENT. "A Constructive Amendment to an Indictment occurs during the government's presentation of Evidence and/or its argument), THE Courts (usually through its instructions to the Jury), or Both, Broadens the possible bases for Conviction beyond those presented by the grand Jury." United STATES v. Floresca, 38 F.3d 706, 710 (4th cir 1994). "A Constructive Amendment is a Fatal Variance because the indictment is altered to change the elements of the Offense charged, Such that the defendant is actually Convicted of a crime other than that charged in the indictment." United STATES V. Randall, 171 F.3d 195, 203 (4th cir. 1999). A Constructive amendment is error Per Se, and, given the fifth Amendment right to be indicted by a grand Jury, "must be Corrected on appeal, even when not preserved by Objection." Floresca, 38 F.3d at 714. THIS Also violates the defendants Sixth Amendment right to A Jury Trial. THE Defendant pro se through a letter to the District Court CHallenged THE Defective Indictment But WAS Told He Had No Merit But still At TRIAL THE Indictment WAS Constructively Amended.

2. THE DEFENDANT Never Saw THE Governments motion for EnHancements until Aug 6, 2021 three months After Sentencing which is A Violation of THE Defendants rights I Didn't View THE PSR Until THE morning of Sentencing, Also In Apprendi V. New Jersey, 530 U.S. 466, Concluded THAT Any FACTS THAT Increase the prescribed range of penalties to which a criminal defendant is exposed "are elements of the crime, id, at 490, and thus the Sixth Amendment provides defendants with the right to have a Jury find those facts beyond a reasonable doubt, i.d., at 484. Apprendi's principle applies with equal force to facts increasing the mandatory minimum, for a fact triggering a mandatory minimum alters the prescribed range Of Sentencing to which a criminal defendant is exposed. I.d., at 490. Because the legally prescribed range is the penalty affixed to the crime, it follows that a fact increasing either end of the range produces a new penalty and Constitutes an ingredient of the offense. IT is impossible to dissociate the floor of a Sentencing range from the penalty affixed to the crime, THE FACT that criminal statues have long Specified both the floor and Ceiling of Sentence ranges is evidence that both define the legally prescribed Penalty. IT Is Also impossible to dispute that the facts

increasing the legally prescribed floor Aggravates the punishment, heightening the loss of liberty associated with the crime. Defining facts that increase a mandatory minimum to be Part of the Substantive offense enables the defendant to predict the legally applicable penalty from the face Of The indictment, see id., at 478-479, And preserves the Jury's historic role as an intermediary between the state and criminal defendants, See United States v. Gaudin, 515 U.S. 506, 510-511. IN PAIR V. United STATES In the defendants Case During Sentencing The Government introduced Hearsay Evidence From CS#3 who STATED A 1000 grams of fentanyl which the defendant was charged with 40 grams or more which The probation officer, The Government Agreed that this was the right Sentencing range which Violated The defendant me Quotez Tyick Pair The Sixth Amendment right to have a Trial by A Jury. The essential Sixth Amendment inquiry is whether a fact is An element of the crime. Because the fact of a 1000 grams of fentanyl aggravates the legally prescribed range of allowable Sentences, it Constitutes an element of a Separate, aggravated offense that must be found by the Jury, regardless of what Sentence the Defendant might have recieved had a different range been applicable. There is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum. Pp. 10-15. this ruling does not mean that any fact that influences Judicial discretion must be found by a Jury. The Courts has long recognized that ▓▓▓ broad Sentencing discretion, informed by Judicial fact findings, does not Violate the Sixth Amendment. Dillon v. United STATEs, 560. U.S. In My Case the Jury Verdict form was Five mandatory minimum to forty years imprisonment the defendant was Prejudiced Because the element of offense was changed Once the government ▓▓▓ schemed with the district Court Once CS#3 was Even mentioned And brought about without taking it to A grand Jury Violation Of Grand Jury clause. Apprendi means that a Judge who wishes to impose a higher Sentence Cannot do so unless a Jury finds the requisite Statutory factual predicate. In my Case How Could the Jury find those predicates without it being Presented to them which Violates my Jixth Amendment Right to A Jury trial. Pair me the defendant Contends that Harris V. United States was wrongly decided and that it Cannot be reconciled with reasoning in Apprendi. Duncan V. Louisiana, 391 U.S. 18 155 (1968) ("A right to Jury trial is granted to criminal defendants in order

to prevent oppression by the government.") The district court found CS #2 to be credible in corroboration with CS #3 changed the element of offense Cf. Hobbs v. State, 44 Tex. 353 (1875) State v. Callahan, 109 La. 946, 33 So. 931 (1903) (finding ex post facto violation where newly enacted law increased the range of punishment, even though defendant was sentenced within range established by the prior law). The essential point is that the aggravating facts produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. The district court abused his discretion when the jury asked the question of can we see what the defendant looks like (which is clearly a doubt in mind) And he instructed the jury to go of off the evidence that was presented But How could they when the asked the question already stating that they did Not know what the defendant looked like under the mask if the government would have clearified what the defendant looked like it wouldn't have been a doubt in question or an abuse of discretion.

3. Speed Trial Prejudice

It was clearly prejudice to the defendant And A miscarriage of justice because the government clearly built a case And used covid to continue the defendant trial date to gather more information and elements on defendant which came out during sentencing.
United States v. Loiseau, 429 F. App'x 210, 211 (4th cir. 2011)

Due process Affords Fair "A right to adequate food, shelter, clothing, and medical care [and to] safety and freedom from bodily restraint Fair Due process rights were clearly violated and that also prejudiced the defendant. Neither involuntary commitment nor "lawful, confinement, then for penal purposes" terminate these rights
United States v. Carter, 564 F.3d 325, 328 (4th cir. 2009)

The district court had no reason to depart from the guidlines He stated something had to be done and that the guidelines were only discretionary and that means He can do what He wants to do the district court abused his discretion which also prejudiced the defendant from the Grand Jury and Indictment Clause of the fifth Amendment being violated from Hearsay An No Actual findings of fact. Booker v. United States The elements of offense

should have been proven to A Jury Beyond A reasonable doubt.
The Government failed to prove the defendant knowingly Intentionally and
Unlawful distributed Fentanyl which was shown at Sentencing if
not charges dropped the defendant should have been Sentenced
under lesser offense which should be ruled on differently Because the Serious
nature of the Substance No person should Answer for A crime that couldn't
be proved Beyond A reasonable doubt. The defendant Also challenges the
Jurisdiction of the crime Because the Government Had No Jurisdiction over the
charge which was shown In open Court The STATE of Virginia Never
waived this case To The Federal Government which should Be
Thrown out Vacated And overturned.

       Chief Justice Roberts Said the majority argues that it is no
answer to Say that the defendant Could Have recieved the Same Sentence
"with or without" a particular factual finding, pointing out that a defendant
Could not be Convicted and Sentenced for in my CASE Pair V. United STATES
(Quoting Alleyne V. United STATES) Cocaine And a 1000 grams of
fentanyl if the Jury only finds facts for 40 grams or more of fentanyl even
if the punishments prescribed for each crime are identical." Ante, at 14. In that
hypothetical Case, the legislature has chosen to define two crimes, with two
different Sets of elements. Courts must, of Course, respect that legislative Judgement.
But That Tells us nothing about when Courts Can override the legislature's
decision not to create Separate crimes, and instead to treat a particular fact
as a trigger for a minimum Sentence within the already authorized range.
Alleyne V. United STATES The lab evidence stated that the 56 grams
was inconclusive the lab tech stated that she didn't know exactly
what it was And That was clearly doubt of proven count 11
of the indictment Beyond A reasonable doubt the evidence was
clearly insufficient. Also The defendant clearly has A Baston Challenge
there was No Jury of my peer on the Jury Bench Everybody was
Atleast Ten years or more older then me And not once Jury
member was from the area I Am from OR African American.
The defendant prays And wishes the courts allow His motion
And pro se Supplemental brief.

                Respectfully Submitted
                Quarter Tyrick Pair
                Curtis Tyrick Pair

Walter Pair # 94091-083
FCI - Hazelton
Federal Correctional institution
P.O. Box 5000
Bruceton Mills, WV 26525-5001

PITTSBURGH PA 150
21 OCT 2021 PM 8 L

FOREVER / USA

INSPECTED

Clerks Office
U.S. Court Of Appeals
for The Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, Virginia 23219

LEGAL MAIL